Frances BRADY, now Herriman, Appellant,

v.

William P. BRADY, Appellee.

No. 52778.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 23, 1979.

Released for Publication by Order of Court of Appeals Nov. 15, 1979.

Richard E. Butner, Butner & Butner, Wewoka, for appellant.

Howard W. Conyers, Mattingly & Conyers, Seminole, for appellee.

BRIGHTMIRE, Judge.

After seven years of marriage the parties were divorced and their three little girls—ages six, four and one—were placed in the custody of the mother. Five years later the father asked the court to grant him custody of the children alleging that conditions affecting their welfare had materially changed since the time of the divorce. After hearing the evidence the court agreed and placed the girls in their father's charge. The mother contends that the court was without authority to modify the original child custody order because there was no evidence to support his conclusion.

■ There is no disagreement about the applicable law but only about whether the movant met the burden it imposed upon him—to prove that there was a substantial change in circumstances affecting the children's welfare and that a change of custody would be mentally and morally beneficial to the minors.

■ After reviewing the record we think a sufficient showing was made and that the trial court's order is not clearly against the weight of the evidence. The mother admitted a live-in intimacy with a 16-year-old boy and expressed no concern about the shocking indiscretion of permitting her young girls to find him in bed with her upon awakening of a morning. Was the mother aware of any adverse effect this might have had on, say, her now 11-year-old girl?

"Well," she said, "it didn't seem to have anything, it didn't bother her or come (sic) to me and say anything about it."

The father in the meantime achieved stable employment with an electronics firm, remarried and established what he described as a suitable "Christian" home near Dallas, Texas. The children, it appears, got along well with his wife and her nine-year-old daughter.

Though the mother said her young lover had moved out of her house she still saw him occasionally. And though she said she no longer had the boy "baby-sit" the children, he was with them in her lawyer's office at the very moment she so testified.

Conditions had indeed changed.

Moreover, confiding custody of the children in the father comports with his explicit statutory entitlement under 10 O.S.1978 Supp. § 5 and with the preference statutorily accorded the father with regard to children of "an age to require education" by 30 O.S.1971 § 11.

■ Of course, the ultimate criterion in child custody cases is always that which serves the youngsters' best interest. *Miracle v. Miracle*, Okl., 388 P.2d 9 (1964). Here the mother's lack of concern for or awareness of minimal standards of morality coupled with the grossly immoral example she had been setting for her little girls leaves scant room for doubt that the best interest of the children will be served by placing them in the charge of their father.

Affirmed.

BACON, P. J., and NEPTUNE, J., concur.